**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ZACHARY LEIST, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRENDA SHORT, et al., )<br>)<br>Defendants. ) | No. 4:24-CV-00601 RWS |

## MEMORANDUM AND ORDER

Before the Court is the motion of plaintiff Zachary Leist, a pretrial detainee incarcerated at Jefferson County Jail, for leave to proceed in forma pauperis in this civil action. Having reviewed the motion and financial information, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will dismiss this action at this time. *See* 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a certified prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a certified copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914–15, or interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff Zachary Leist, a pretrial detainee incarcerated at Jefferson County Jail in Hillsoboro, Missouri, filed the instant action pursuant to 42 U.S.C. § 1983 against Brenda Short, Jail Administrator, Jeremy Rempel, a Corporal in the Jefferson County Sheriff's Department, and John Doe. Plaintiff indicates that he is suing defendants in both their individual and official capacities.

Although plaintiff's handwriting is difficult to read, it appears from the allegations written on the Court's complaint form that he asked Brenda Short, the Jail Administrator at Jefferson County Jail, to "let" him file a police report with the Jefferson County Sheriff's Department in January of 2024. Plaintiff complains that prior to his arrest and placement in the Jefferson County Jail he had been subjected to an assault. Plaintiff does not indicate who allegedly assaulted him.

3

However, from the facts as alleged in plaintiff's complaint, it appears that plaintiff wishes to make a complaint of assault by police officers in Crystal City Policy Department.

Plaintiff states that a person known as Supervisor Griffin at Jefferson County Jail arranged to have Correctional Officer Prior and Correctional Officer Ellis "pull him out" to write the statement regarding his alleged assault. However, a few days after he wrote his statement Corporal Rempel of the Jefferson County Sheriff's Department spoke to him outside of his wing and told him that he could not investigate other police agencies. Plaintiff states that defendant Rempel did not even read the entirety of his statement. Instead, he told plaintiff he was going to shred the statement that plaintiff wrote. Rempel then told plaintiff to contact the Federal Bureau of Investigation (FBI) or the Department of Internal Affairs (IA) at the Police Department in Crystal City, Missouri.

After meeting with Corporal Rempel, plaintiff states that he "filed a grievance on him for denying [him the] right to present evidence." Defendant Short responded to plaintiff's grievance and told him that this was not a civil rights issue at the Jail. Nonetheless, plaintiff claims that he continued to press the issue at the Jail through the grievance process. Defendant Short continued to answer plaintiff's grievances letting him know that he needed to contact Crystal City or the FBI to register his assault complaint with them. However, plaintiff states that when he contacted Crystal City Police Department, they refused to make a police report. Moreover, Short refused to place the FBI's phone number on the "free call" list. When plaintiff further pursued the matter and sought the United States Attorney General's name and address, plaintiff states that defendant Short would not provide him with the required information, but she told him he would need to find it in the law library. Plaintiff indicates that at one point, defendant Short told him she was limiting the

4

number of grievances he could file about the assault complaint, and that he would have to pay a nominal fee to obtain copies of his grievances.

Plaintiff indicates that he is suing "John Doe" because he has "told every supervisor" but he did not receive a response. Further, all supervisors indicated he needed to ask Brenda Short about the criminal complaint issue.

Plaintiff indicates that he seeks an order from this Court removing Rempel from any role at the Jail, as well as approximately $800,000 in damages in this action.

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). For the reasons explained below, the Court finds that plaintiff's claims in this action are subject to dismissal.

### A.  Plaintiff's Claims Against John Doe

Although plaintiff names a John Doe as a defendant in the caption of his complaint, he has failed to articulate any allegations against defendant John Doe in the body of his complaint. Liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)); *see also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged

5

deprivation" of plaintiff's rights); *Love v. Schoffman*, 142 F. App'x. 278, 279 (8th Cir. 2003) (affirming pre-service dismissal under 28 U.S.C. § 1915 because the complaint, among other infirmities, "did not specify which of the many named defendants was responsible for each of the alleged harms"). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019). Because plaintiff has failed to articulate any claims against a particular John Doe, his allegations against defendant John Doe are subject to dismissal.

### B. Claims for Denial of Grievances

Plaintiff sues Brenda Short, Jail Administrator, and Jeremy Rempel, Sheriff's Deputy, in their official capacities. Both individuals are employed by Jefferson County. A claim against a public official in his or her official capacity is merely another way of pleading an action directly against the governmental entity that employs him or her. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *see Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (Official capacity claims are "functionally equivalent to a suit against the employing governmental entity."). Consequently, the Court interprets plaintiff's official capacity claims against Short and Rempel as seeking to impose liability upon Jefferson County.

Plaintiff's claims fail because his allegations do not establish that either Short or Rempel committed any constitutional violation pursuant to an official custom, policy, or practice of the Jefferson County. *See Monell v. N.Y. Dep't of Soc. Servs.,* 436 U.S. 658, 690–92 (1978) (describing a municipal liability claim); *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009). To the extent plaintiff can be understood to seek to impose liability upon the Jail or the Sheriff's Office, such claims fail because neither entity is a legal entity amenable to suit under 42 U.S.C. § 1983. *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local

6

government are not "juridical entities suable as such"); *De La Garza v. Kandiyohi Cnty. Jail*, 18 F. App'x. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

Plaintiff's claims against Short and Rempel for denial of his grievances against defendants in their individual capacities are also subject to dismissal. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) (citations omitted).

An inmate has a liberty interest in the nature of his confinement, but not an interest in the procedures by which the state believes it can best determine how he should be confined. *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996). As such, "there is no constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *see also Jenner v. Nikolas*, 828 F.3d 713, 716–17 (8th Cir. 2016) (explaining that "[t]he existence of a state-mandated procedural requirement does not, in and of itself, create a constitutionally protected liberty interest"). To that end, a prison grievance procedure is a procedural right only and does not confer upon an inmate a substantive right. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (agreeing with district court that "defendants' denial of [plaintiff's] grievances did not state a substantive constitutional claim"); *Fallon v. Coulson*, No. 93-1629, 1993 WL 349355, at *1 (8th Cir. Sept. 9, 1993) (unpublished opinion) (stating that the failure of defendants "to acknowledge receipt of and respond to plaintiffs' grievances pursuant to prison procedure did not violate any of plaintiffs' constitutional rights"). As there is no indication in the complaint that plaintiff suffered retaliation from filing grievances regarding his desire to

report the alleged assault by the Crystal City Police Department, he does not have an actionable claim for relief relating to his grievances.[1]

### C.  Plaintiff Cannot Require Defendants to File a Criminal Complaint on His Behalf

It appears that plaintiff wishes to pursue a civil action under 42 U.S.C. § 1983 against defendants for failing to assist him with a criminal prosecution against police officers employed by the Crystal City Police Department. His claim is unsustainable.

"[A] private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another," unless that person has either been prosecuted or threatened with prosecution himself. *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973). If a person is not being prosecuted or threatened with prosecution, he or she "lacks standing to contest the policies of the prosecuting authority." *Id.*; *see also Parkhurst v. Tabor*, 569 F.3d 861, 867 (8th Cir. 2009) (dismissing plaintiffs' claims against prosecutors and county for allegedly discriminatory failure to prosecute because plaintiffs were "neither prosecuted nor threatened with prosecution," and thus "lacked standing to bring this claim"). The same rationale concerning the lack of standing to challenge the non-prosecution of another applies "to cases where the alleged victim challenges the decision to arrest or not arrest another." *Nelson v. Maples*, No. 6:15-CV-03427-BCW, 2016 WL 9047149, at *3 (W.D. Mo. Feb. 3, 2016), *aff'd*, 672 F. App'x. 621, 621–22 (8th Cir. 2017). Furthermore, "discretion is essential to the criminal justice process." *See McCleskey v. Kemp*, 481 U.S. 279, 297 (1987). As such, "officers cannot be expected to make an arrest or initiate a formal investigation in response to every complaint." *Villanueva v. City of Scottsbluff*, 779 F.3d 507, 513 (8th Cir. 2015); *see also Ricketts v. City of Columbia, Mo.,* 36 F.3d 775, 780 (8th Cir. 1994)

---

[1]Although plaintiff takes issue with having to pay a nominal fee for copies of his grievances, he has not indicated that he has no funds to pay for such copies or that the copies have been withheld from him. Additionally, plaintiff admits that he was able to copy, by hand, his grievances. Thus, he has had the ability to access his grievances. The Court reminds plaintiff that it also charges for copies if an indigent litigant has funds in his prison account to pay for such copies.

("Holding that an officer's failure to arrest for one incident of harassment causes a subsequent incident of harassment or violence would essentially take away the officer's discretion to determine when to arrest—a fundamental part of our criminal system.") (emphasis in original). For these reasons, plaintiff cannot sustain an action brought pursuant to 42 U.S.C. § 1983 against defendants for failing to criminally prosecute officers at the Crystal City Police Department for assault.

### Conclusion

Having thoroughly reviewed and liberally construed the Complaint, the Court finds that plaintiff's claims are subject to dismissal based on the aforementioned analysis. The Court can envision no amendment to the complaint that would cause it to state a valid claim for relief. Therefore, the Court will dismiss this action at this time, without prejudice. The Court will also deny as moot plaintiff's motion seeking the appointment of counsel. *See* ECF No. 3.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs [2] is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must pay an initial filing fee of $1.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [3] is **DENIED AS MOOT.**

9

**IT IS HEREBY CERTIFIED** that an appeal from this Order of Dismissal would not be taken in good faith.

Dated this 29th day of April, 2024.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE